## W. B. SHEARER *v.* THOMAS B. WINSTON.

1. CHANCERY: PARTITION WILL NOT BE GRANTED UPON DOUBTFUL TITLE.—A court of equity will not decree partition of land, unless the complainant's title be clear and undisputed; if it be denied or is suspicious, the court will not grant relief, until the title has been established at law. See 4 Kent's Com. 364; *Wilkin* v. *Wilkin*, 1 J. C. R. 111.

2. LANDLORD AND TENANT: PARTITION: TENANT IN COMMON NOT ESTOPPED BY PAYMENT OF RENT.—The fact that the defendant, who was in possession, and a half owner of the premises, paid rent for the other moiety to the complainant, supposing he had title to it, will not estop him, when sued in equity for rent and for partition, from disputing the complainant's title.

3. STATUTE OF LIMITATIONS: TEN YEARS NECESSARY TO CONFER LEGAL TITLE.— Adverse possession for a period of ten years is necessary, under the Statute of Limitations, to vest the legal title to land in the possessor, so as to enable him to maintain an action thereon. See *Ellis* v. *Murry*, 28 Miss. R. 129.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

A full statement of the case will be found in the opinion of the court.

*George L. Potter*, for appellant,

Cited *Wilkin* v. *Wilkin*, 1 John. Ch. R. 111; *Manners* v. *Manners*, 1 Green Ch. 384; *Stuart* v. *Coalter*, 4 Rand. 74; *Straugham* v. *Wright*, Ib. 493; 3 Iredell Ch. R. 131; 1 Harp. Ch. R. 106; 3 Humph. R. 435; 2 Lead. Cases in Eq., Part 1, p. 506; *Thompson* v. *Hardman*, 6 John. Ch. R. 436; 2 Daniel Ch. R. 1335, 1336; *Turner* v. *Morgan*, 8 Ves. Jr. 143; 2 Watts & Sergt. R. 240.

*T. J.* and *F. A. R. Wharton*, for appellee,

Cited Walker's R. 498; 1 How. 108; 3 Rand. R. 170; 6 Ib. 194; 3 Munf. R. 559; *Higginbotham* v. *Short*, 25 Miss. R. 160; 1 Story's Eq. § 452; *Sharpe* v. *Kelley*, 5 Dennis R. 431; *Kinney* v. *Dea*, 8 Blackf. 350; *Gray* v. *Johnston*, 14 N. Hamp. R. 414.

HANDY, J., delivered the opinion of the court.

This bill was filed by the appellee in the Superior Court of Chancery, claiming title to an undivided moiety of a lot and storehouse thereon, in the town of Raymond, admitting the appellant to be the owner of the other half. The appellee claims title under a purchase made by him at sheriff's sale, in December, 1841, in virtue of an execution upon a judgment, dated 30th June, 1838, against E. D. Kent. The bill states further, that in the year 1842, the appellee leased his undivided half of the lot to one O. V. Shearer, to whom the appellant also leased his part, who thereupon took possession of the entire premises, and remained in possession until July, 1850; and then, without the appellee's knowledge or consent, delivered possession of the whole to the appellant. That in the latter part of the year 1850, the appellant paid to the appellee's agent about $20 for his share of the rent for that year, and until the first of January, 1851; but since the last-mentioned date, that he has remained in possession, and refuses to pay the part of the rent due to the appellee, although he has offered to indemnify the appellant against such payment; and that the appellant refuses to admit the appellee to a joint possession. That the premises are incapable of partition, without great injury to the rights of both parties.

The prayer is for a decree for the amount to be found due the appellee for rent. That the parties be decreed to alternate annually

in their possession of the premises, or that a receiver be appointed to rent the same annually for their mutual benefit, or that the premises be sold for their benefit.

The answer denies that the appellee had any title, and shows that Kent, under whom he claims, had regularly conveyed his title by deed to Edwin and Samuel Shumway, which was recorded on the 21st May, 1838, before the date of the judgment against Kent, under which the appellee claims title, and that the appellant purchased the interest of Edwin Shumway under execution sales against him; denies that he holds possession under the appellee, but admits that no one is claiming the other interest in the property, and he does not know in whom the title is. Admits that he paid the appellee $20, as stated in the bill, but alleges that it was done under mistake with regard to his title.

The decree was against the appellant for rents during the time of his possession, and for a sale of the premises for division.

The controlling question presented is, whether such a case is shown by the pleadings and proofs, as will entitle the appellee to relief in equity.

Considering the case as upon the footing of an application in equity for partition, which is the view most favorable to the appellee that can be taken of it, we must inquire whether he shows such a title as to ask the aid of a court of equity. The rule of equity jurisdiction is well settled, that the court will not interfere unless the complainant's title be clear; and will never grant the relief when the title is denied or suspicious, until the party seeking relief has established his title at law. 4 Kent's Comm. (7th edit.) 364; *Wilkin* v. *Wilkin*, 1 John. Ch. Rep. 111.

Under the application of this rule, it is manifest that the appellee not only does not show a clear legal title, but that his title is shown to be positively defective. It appears that he founds his title upon the judgment and execution sale against Kent, and claims no other paper title. But the answer and proofs show that Kent's title was conveyed by him before the rendition of that judgment; and consequently nothing passed to the appellee under his purchase at execution sale.

But it is said that his claim of title and receipt of rents for the moiety claimed by him from 1842 to 1850, give him a sufficient

title under the Statute of Limitations.    This possession was not sufficient to vest the appellee with the legal title which would enable him to maintain an action, the period of possession necessary for that purpose being ten years.    *Ellis* v. *Murray*, 28 Miss. 129.

It is also insisted that the appellant is estopped from denying the appellee's title, after having recognized it by the payment of rent for his part of the premises.    It is true that a lessee is estopped to deny his lessor's title after taking possession under it.    But we do not think that this rule applies in a case of this nature.    The appellant was already in possession, under his own title, as a tenant in common, and he accepted no lease from the appellant.    If the relation of landlord and tenant ever existed between them, it was discontinued before this bill was filed.    The appellee merely accounted for the use and occupation of a moiety of the premises claimed by the appellant as his property, and without knowledge that he had no title.    It would have been entirely competent, under such circumstances, for him, in an action of ejectment brought by the appellant, to show that the title was in another person, and he might have done the same thing in an action for rents and profits.

The position of the appellee is certainly not one which commends itself to the favorable consideration of a court of equity. He shows a total absence of any legal title, and his equity consists of his having exercised ownership and received the rents of a moiety of the premises, against the outstanding title of Samuel Shumway, and without any conveyance affecting that title, for several years. If Samuel Shumway be dead, leaving infant heirs, the legal title would be in them, and it might not be barred by the Statute of Limitations.    So if this decree could stand, the appellant might be required by such heirs, to account for the rents, now decreed to be paid to the appellee.

In any proper view that can be taken of the case, we are satisfied that the decree cannot be sustained, and that the bill should have been dismissed.

Decree reversed, and the bill dismissed.