NUGENT & McWILLIE *v.* J. R. POWELL ET AL.

1. CHANCERY PRACTICE. *Suits for partition and to remove clouds. Venue. Code construed.*

 Section 1847 of the Code of 1880, in relation to "Venue of Suits" in chancery, provides that "Suits respecting real or personal property may be commenced in the chancery court of the county in which said property, or some part thereof, may be; and, in all cases, suits may be brought in any county where the defendant or any necessary party may reside or be found." But § 2553, in the chapter in relation to the partition of property, declares that partition of land "may be made by decree of the chancery court of that county in which the land, or some part thereof, sought to be divided is situated."

And § 1833 provides for the institution of suits to cancel clouds upon the title to real estate " in the chancery court of the county in which the real estate may be situated." Section 1847, being a general statute, its provisions are restricted by §§ 2553 and 1833, which control the venue of suits for partition or to remove clouds from titles and limit the same to the county in which the land or some part thereof is situated.

2. CHANCERY PRACTICE. *Suit for partition. Prayer of bill. Venue.*
And the rule of venue is the same, though the bill contain no prayer for partition in kind, but instead thereof seeks a sale of the land and a distribution of the proceeds of the sale.

3. SAME. *Partition and removal of clouds. Venue. Jurisdiction.*
Although a suit be not maintainable for the partition of land, or to remove clouds from the title thereof, when brought in a county where no part of the land lies, yet, if brought in the county where the defendant co-tenant resides, it may be maintained, in a proper cause, to the extent of compelling the defendant to convey to the complainant the legal title to his equitable interest in the common property, and of charging the defendant's interest with his share of the expenditures made by the complainant for the benefit of the property.

4. SAME. *Bill for partition. Holder of adverse title as a party. Section 2576, Code* 1880.
Section 2576 of the Code of 1880 provides: "If the title of the complainant seeking partition, or sale of land for division of its proceeds, shall be controverted, it shall not be necessary for the court to dismiss the bill, or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in said suit by the chancery court, which shall have power to determine all questions of title, or to remove clouds upon the title of any lands whereof partition is sought." Under this provision, a tenant in common, whether his title be a legal or equitable one, cannot, by exhibiting a bill for partition against his co-tenant and the holder of a title or claim adverse to both of them (as that of a homestead exemption), draw the latter into the suit, and force the trial and determination of his title or claim, with the view of having the same cancelled, as a cloud upon the complainant's title.

5. SAME. *Partition. Section 2576, Code* 1880, *construed.*
The purpose and effect of § 2576 of the Code of 1880 is to confer jurisdiction upon the chancery court to settle all conflicting claims between *proper* parties to suits for " partition, or sale of land for division of its proceeds."

APPEAL from the Chancery Court of Madison County.
HON. E. G. PEYTON, Chancellor.

Under executions issued upon a judgment in favor of J. R. Powell, against James Y. McNeill, certain lands belonging to the defendant, and lying in Le Flore County, were sold, in the year 1882, by the sheriff of that county, and bought by the plaintiff in execution. The sheriff made two deeds for the land, different tracts having been sold under two executions, each deed reciting that Powell's purchase was " for himself and his attorneys, William L. Nugent and Thomas A. McWillie," though one was a conveyance to " him," meaning Powell, and the other a conveyance to " them," meaning the three for whose benefit the purchase was made. One of the deeds recited that the lands therein mentioned were conveyed "subject to the homestead claim of the said James Y. McNeill."

In March, 1883, J. R. Powell sold and conveyed an undivided half interest in these lands to W. H. Powell, who soon thereafter executed two deeds of trust upon the same, the first to Charles Handy, as trustee for Gidien, Day & Co., and the second to N. C. Orrick, for the benefit of Mrs. A. G. Cage and Mrs. E. L. Wood.

On the 27th of August, 1884, William L. Nugent and Thomas A. McWillie filed the bill in this cause, stating the facts above recited, and alleging further that the complainants, as partners in the practice of law, are the equitable owners of an undivided one-half interest in the lands above mentioned, by virtue of an agreement with J. R. Powell, that they have been compelled to make divers expenditures, aggregating a considerable amount, in order to preserve the title purchased by Powell, and that he refuses to account with them concerning such expenditures. J. R. Powell, W. H. Powell, N. C. Orrick, Charles Handy, Mrs. A. G. Cage, Mrs. E. L. Wood, Gidien, Day & Co., and James Y. McNeill were made defendants to the bill. All of these reside in Madison County except Gidien, Day & Co., who reside in New Orleans, La., and McNeill, who resides in Le Flore County, in this State. McNeill was made a defendant for the reason that he claimed a homestead exemption in a part of the land concerning which relief is sought by the bill, which claim is alleged to be " not *bona fide,* but collusive and colorable."

The prayer of the bill is that an account be taken to ascertain the amount due the complainants for "moneys advanced and paid on account of said lands;" that McNeill's claim of a homestead exemption be declared a cloud upon the title of Powell and complainants to said lands, and he be enjoined from asserting the same; that McNeill be required to "surrender the possession of said pretended homestead exemption" to complainants or a commissioner of the court; and "that the said lands be sold at public auction, and out of the proceeds of sale that so much be paid" to complainants "as may be due them upon said accounting, and the balance be paid one-half to" complainants, "and the other half to the party entitled thereto." There is also a prayer for other, further, and general relief.

To this bill of complaint McNeill filed a demurrer, on these grounds: (1) "There is no equity in the bill as respects the defendant." (2) "Complainants have, if entitled to any remedy, a plain and adequate remedy at law." (3) The bill "as a bill for partition is not maintainable," because it involves "a question purely of legal title." (4) The bill is not maintainable as a bill to remove a cloud from the title to real estate, "because complainants have no title to defendant's homestead, and if they claimed title the bill would present purely a question of disputed legal title, which cannot be settled in this proceeding."

The Chancellor rendered a decree dismissing the bill, and the complainants appealed to this court.

*Nugent & McWillie, pro se.*

The object of this proceeding is to sell the land in the enforcement of an equitable lien in the first place, and a "partition" of the surplus proceeds of sale. In the effort to reach this result a fictitious homestead claim is discovered, as we think, and we bring that in *incidentally* so as to pass to the purchaser under the decree an unembarrassed title. Our deed recites that the lands were sold to us subject to the homestead claim, and we ask for its determination in this suit to avoid the circuity of action to which the Chancellor has driven us. We cannot bring ejectment, nor any other action at law, to determine the homestead claim which con-

fronts us.   No partition of the lands with McNeill is asked for, and no partition with Powell.   We desire to enforce a lien upon the land, the value of which we think to be impaired by the false claim of McNeill, and it may be necessary to sell that very home-stead to secure our debt.   The only question involved in the bill is, did the complainants, on the face of their bill, have the right to implead the defendants, other than McNeill, in the Chancery Court of Madison County for an account and to compel compensation ? That was distinctly answered in *Wilson* v. *Duncan*, 44 Miss. 652, and the jurisdiction of the court maintained.   *Higginbotham* v. *Short*, 25 Miss. 161; *Harrison* v. *Harrison*, 56 Miss. 174, 179; *Medford* v. *Frazier*, 58 Miss. 243.

We think the Chancellor erred in his construction of the statute. Suits respecting real and personal property may be commenced in the chancery court in which said property, or some portion thereof, may be; and, in all cases, suits may be brought in any county where the defendant or any necessary party defendant may reside. Code, 1880, § 1847.

It is true, that § 2553 of the code provides that partitions of land held by tenants in common may be made by decree of the chancery court of that county in which the lands, or some part thereof, sought to be divided are situate ; but this was not intended to alter or affect the sweeping provision found in § 1847.   The jurisdiction was permissive and co-ordinate, not exclusive.   Cer-tainly, if within the limits of the State a party's rights of person or property are to be affected, he ought to have the privilege of being impleaded at home.   There is some reason for holding that actions of ejectment should be brought in the county where the lands sued for are situated. The trespasser is supposed to be on the land, and really this but confirms the general rule of law.

We can see no reason against the exercise of jurisdiction in this case by the Chancery Court of Madison County, unless there is some valid objection to the proceeding because of the relief sought against McNeill.   It might be said that this could only operate to dismiss the bill as against him, and the argument could thus be readily answered.   But we do not think the court below took a

correct view of the question thus arising. The homestead claim of McNeill is only incidental and would seem to have been anticipated by the legislature. " If the title of the complainant seeking partition or sale of land for a division of the proceeds shall be controverted, it shall not be necessary for the court to dismiss the bill or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in said suit by the chancery court, which shall have power to determine all questions of title and to remove clouds upon the title of any of the lands whereof partition is sought, and to apportion incumbrances, if partition is made of land incumbered, and it is deemed proper to do so ; and said court in such suit may adjust equities and determine all the claims of the several parties as to the lands whereof partition or sale is sought." Code 1880, § 2576.

*Frank Johnston,* for McNeill, one of the appellees.

1. The lands lie exclusively in Le Flore County.

The jurisdiction in partition, if not given by the statute, is so carefully defined by statute, especially in respect to where the bill shall be filed, that the statutory rule must necessarily govern.

Section 2553, Code 1880, declares that the bill must be filed in the county *where the lands are situated.*

To this there are *two* exceptions : first, Where lands are held by devise or descent, the court having the administration of the decedent's estate may entertain such a bill; and *secondly,* where a tract of land lies partly in one county and partly in another. Sections 2553 and 2554.

Section 1847 (Code 1880), has no application. That regulates the jurisdiction of the court in matters of general equity cognizance, while §§ 2553 and 2554 fix the jurisdiction in the *particular matter of partition.*

If the construction that opposite counsel place upon § 1847 is correct, then §§ 2553 and 2554 have no force or meaning.

The general rule prescribing the general jurisdiction of the equity court must yield to the particular statute made specially for a particular class of suits.

And, moreover, this question of jurisdiction, underlying the

power of the court to proceed at all, can be made here, and it was proper for the chancery court *sua sponte* to decline to proceed for its want of jurisdiction.

2. On the facts shown in this bill, I deny that the chancery court can entertain this bill against McNeill.

He has a *clearly defined, specific eighty acres,* which he claims under the legal right of a homestead exemption.   And here is another lot of land contiguous, which the complainants, with Powell, own as tenants in common, also specifically defined.

They claim McNeill's eighty acres, and he insists upon his own better right and title to this particular tract of land.

Nor does he concede that the complainants have acquired any title under their judgment sale.

How can this distinct eighty acres be brought into this suit? And how can a court of chancery try this separate and independent legal title?

Complainants stand as purchasers *in invitum,* under an execution sale, out of possession.   Suppose there was no homestead claim at all, could they, under the form of *making a partition with Powell* (who purchased for himself and complainants), bring in the judgment *debtor,* have their execution sale title adjudged good, get a recovery on their title, and a writ for the possession of the land?

And how does the fact that the debtor claims a specific eighty acres as a homestead enable them to sustain such a bill?   I submit that § 2576, Code 1880, does not include such a case.

Nor can the jurisdiction to remove a cloud upon the real title apply to such a case.   It is an effort of a purchaser at an execution sale to cancel the *interests of the debtor and the original owner, on the ground that his title is a cloud.*

Under the form of removing clouds, trials to titles cannot be had in courts of equity.   *Glazier* v. *Baily,* 47 Miss. 395; *Walton* v. *Tusten,* 49 Miss. 569.

The fact that the complainants had only an equitable title is immaterial, in view of the fact that they had a trustee clothed with the legal title.

It is the same in effect as if the complainants had bought at the execution sale.

COOPER, C. J., delivered the opinion of the court.

Section 1847 of the Code of 1880 authorizes the institution of a suit in equity in any county where the property in controversy, or some part thereof, is situated, or in any county where the defendant or some necessary party defendant may reside or be found. This is a general statute governing the venue of suits in equity in all cases which are not controlled by specific and narrower statutory provisions. But by § 2553 of the code, it is expressly declared that partition of land " may be made by decree of the chancery court of that county in which the lands, or some part thereof, sought to be divided are situated," and by § 1833 provision is made for the institution of suits to cancel clouds upon the title of the real owner " in the chancery court of the county in which the real estate may be situated." Under the familiar rules of construction that the expression of one thing is the exclusion of all others, and that the words of a general statute are, restricted by those of a special one, these provisions control the venue of suits for partition and to remove clouds, and limit it to the county in which the lands or some part thereof are situated.

Complainants can add nothing to the strength of their position by framing their bill so as to exclude a prayer for partition in kind and seeking a sale of the land and a distribution of the proceeds of sale. On the facts stated they are tenants in common in equity with Powell, and as against him and those claiming under him, with notice of their equitable interest, the complainants are entitled to have relief to the extent of securing a conveyance of the legal title to them of their undivided half interest in the land, and of fixing a charge on Powell's interest for the one-half of the expenditures made by them in protection of the common estate; but in this controversy McNeill has no sort of interest, and it is only when the jurisdiction of the court is invoked to cancel his title to the homestead right asserted against both the complainants and Powell that he can be connected with the subject-matter of the suit.

If the suit had been instituted in the Chancery Court of Le Flore County for partition of the land, the court could not in that suit

have determined the validity of McNeill's claim to the homestead exemption, for McNeill either has no interest in the land, or if he has, it is that of a sole owner of a distinct part, and not of a tenant in common with Powell.  Powell's remedy is ample and complete by ejectment at law, and he cannot resort to a court of equity, nor can the complainants, because their interest is an equitable one as against Powell, draw into a court of chancery McNeill's legal title.  It is a mistake to assume that § 2576 of the Code of 1880 authorizes a tenant in common with another to exhibit his bill against his co-tenant, and as an incident thereto to join all parties claiming adversely to both.  The purpose and effect of that provision is to give to the court, having jurisdiction over proper parties, power to settle all the conflicting claims of *such* parties without suspending the suit to await the result of an action at law to settle legal titles, or of an independent suit in equity to cancel a cloud upon the title; but it is not admissible under it to join the holders of adverse titles as parties defendant.

The decree is affirmed in so far as the demurrer of McNeill was sustained and bill dismissed as to him, and reversed in so far as the bill was dismissed as to the other defendants.