MIRIAM COOPER *v.* ELIZABETH FOX ET AL.

1. PARTITION. *Proceedings therefor.* *Proper parties.*
    It is not proper to join as defendants in a partition suit all persons having an interest in the land, but only such as have an interest in the partition. *Nugent & McWillie* v. *Powell,* 63 Miss. 99, cited.

2. SAME. *Who may obtain partition.* *Defense.* *Outstanding title.*
    Partition will not be decreed in favor of complainants who have no title to the land sought to be divided; and a defendant who has not entered under a common claim of title may defeat a partition by showing outstanding title in a stranger to the suit.

FROM the chancery court of Lawrence county.
HON. WARREN COWAN, Chancellor.
The facts are sufficiently stated in the opinion.

*A. C. McNair,* for appellant.

Before complainants can obtain partition they must show; (1) that Mrs. Prestidge died seised and possessed of the land, and (2) that complainants and defendants have a joint interest in the land. If they fail on either of these points, they lose.

The testimony of impartial and disinterested witnesses establishes that John W. Prestidge and William Cooper took possession of the land in their own right, and paid the administrator, Dickerson, for it. They have occupied the land openly and notoriously under claim of ownership since 1854. Their possession ripened into title by prescription long before the death of Mrs. Prestidge,

and it is immaterial whether they received the deeds or not, as they went into possession in their own right, and not as tenants of Mrs. Prestidge, and were not trespassers. *Niles* v. *Davis,* 60 Miss. 750; *Davis* v. *Bowmar,* 55 Ib. 671; *Jones* v. *Brandon,* 59 Ib. 585.

In fact the chancellor decided that the legal title to the property in controversy was in William Cooper by prescription, and it was for this cause alone that he rendered a decree for defendant, William Prestidge. Complainants have not appealed from the decree in favor of Prestidge, and this is strongly suggestive of the slight faith the solicitor for appellees has in his cause. The chancellor thought that the legal title was outstanding in William Cooper, and the reason assigned by him for a decree against Mrs. Cooper was that she was a joint tenant with complainants in the land, and therefore could not set up an outstanding title against them. When it is determined under the facts of this case that complainants and William Prestidge are not tenants in common, it follows that the complainants' cause against Mrs. Cooper also is gone, for the reason that, according to their own claim, it destroys the unity of possession and title between them and Mrs. Cooper, as well as between them and William Prestidge. They rely on the same facts to recover of the one that they do to recover of the other. Before complainants can recover, they must show a clear and undisputed title to the land. This is the rule in equity, except where changed by the statute. *Ingram* v. *War,* 5 S. & M. 746; *Shearer* v. *Winston,* 33 Miss. 149.

The only change in the rule by our statute (Code 1880, § 2576) is that as between the parties to the suit, the legal and equitable title may be tried in a determination of a partition suit. The object of this statute is to avoid the necessity of resorting to a court of law to settle the legal title. As to the necessity of complainants proving title and other joint relations with defendant to the property, the law remains unchanged. When complainant files his bill for partition, the right to such relief will depend upon a joint ownership between the complainant and the defendant. *Spight* v. *Waldron,* 51 Miss. 356.

The rule of law prohibiting an assailment of the common source of title or the proving of an outstanding paramount title in a

stranger applies only where there is a relation of some sort between the parties to the property, and where the assailant is in the possession of the property. If any such relation exists, and the defendant is not in the possession of the property, and does not claim it, then the rule has no place and the defense is maintainable. See *Nugent & McWillie* v. *Powell*, 63 Miss. 99.

*Longino & Weathersby*, on the same side.

*R. H. Thompson*, for appellees.

But for one line in the answer the complainants would be entitled to a decree on the pleading. That line is the flat denial that the parties to the suit are tenants in common. This is overcome by the record evidence, and the admitted fact that complainants and defendants are the heirs of Anna Prestidge, deceased. The only way this case is sought to be met is by setting up an outstanding title in a stranger. Had the case been set for hearing on the bill and answers, it would have probably been parallel with *Ingram* v. *War*, 5 S. & M. 746.

In that case the petition did not make out a *prima facie* case, as does the case now before us. We have presented here the question whether in a partition suit brought by one or more of several heirs of a decedent against another or others, the defense can set up a paramount outstanding title in a stranger, with which they do not connect themselves, and thereby defeat a partition. Reason and authority answer negatively. Complainants are entitled as against defendants to have allotted to them a separate tract of land that they may use if necessary, in ejectment for such part only. The law will not force complainants to bring an ejectment for a particular interest in the whole. Some of the heirs, as in this case, might not desire a maintenance of ejectment, and might greatly delay and embarrass it. No harm can come from a partition. Defendants are but denying their own title for the benefit of a stranger. In an action of ejectment the outstanding paramount title could not be used as a defense, and there is no reason applicable in such a suit that is not applicable here. As between the litigants and parties to the suit, they are tenants in common having at least the right of

---

possession. See, Freeman on Cotenancy and Partition, § 152, and cases cited ; *Burleson* v. *Burleson*, 28 Tex. 383.

As to the question of fact involved, if I am mistaken on the leading proposition stated, it will be found that there is abundant testimony in the record to show that William Cooper's possession was not adverse, but in subserviency to Mrs. Prestidge's title, and he could not acquire title by prescription.

COOPER, J., delivered the opinion of the court.

The complainants and defendants are heirs-at-law of Mrs. Anna Prestidge, who died intestate, in December, 1873. The petition is filed for partition of certain lands, which it is alleged descended to the parties by the death of Mrs. Prestidge. The defendant, Mrs. Cooper, is the daughter, and the defendants, William Prestidge and Mrs. More, are the grandchildren of Mrs. Anna Prestidge, the two latter being children of John Prestidge, deceased, who was a son of Anna.

The land described in the petition consists of a single tract, but it is intersected by Fair river, about two-thirds being upon the north, and one-third on the south of said river. Mrs. More failed to answer the petitition and no *pro confesso* was taken against her. William Prestidge and Mrs. Cooper filed separate answers, but the same facts are set up in each. Shortly stated, the facts relied on by them, are that Mrs. Anna Prestidge had no title to any of the land at the time of her death, the history of her claim to the land and of her disposition of it being this : in the year 1854, the land was sold by John Dickerson, administrator of the former owner, and at the sale Mrs. Anna Prestidge became the purchaser, at the price of about two thousand dollars, to be thereafter paid ; after the purchase by her, she discovered that she would be unable to pay the purchase price, and, at her instance, William Cooper (the husband of the defendant, Mrs. Cooper) and John Prestidge agreed to assume the payment of the purchase price ; in consideration of which they were to become owners of the land. No deed had been made by the administrator to Mrs. Prestidge, but under the contract between the parties the administrator was to make the conveyance

directly to John Prestidge and William Cooper. Under this
agreement Prestidge and Cooper entered upon the land and
made parol partition thereof, Prestidge taking all north of Fair
river, and Cooper all south of the river. Cooper and Prestidge
paid the purchase price, and since their entry upon the land
have been in adverse possession thereof, each claiming the portion
allotted to him by parol partition, and though no deed was
ever made to them, the defendants claim that the title was
vested in the said John Prestidge and William Cooper by adverse
possession long before the death of Mrs. Anna Prestidge, who
during her life never set up any claim to any part of the land
after her contract with these parties. The defendant, Prestidge,
disclaimed any claim or interest in the lands south of Fair river,
but claimed to be the sole owner of all north of the river, he having
received a conveyance from Mrs. More (the only other heir-at-law
of John Prestidge), of her interest in the same. Mrs. Cooper de-
nied that she or complainants had any interest in any of the lands,
and denies that she is now or ever has been in the possession of any
part thereof, save as the wife of William Cooper, living with him
on his own land.

The evidence leaves it somewhat in doubt whether Mrs. Anna
Prestidge did or did not receive a conveyance from the administra-
tor, Dickerson. It is immaterial how this was. All other facts
set up by the answers are as satisfactorily and clearly proved as it
is possible to do where there are conflicting interests and the conse-
quent conflicts of testimony. The complainants were themselves
witnesses in their own behalf, and while they deny the extent of
the contract between Mrs. Anna Prestidge and John Prestidge and
Cooper, they yet admit that there was some agreement by which
these parties were to go on the land and pay the purchase-money
due on it. They seek, however, to draw the unnatural inference
that the land when paid for was to be the property of Mrs. Anna
Prestidge. In this they are contradicted by a number of witnesses
who clearly and unquestionably support the claim of the defen-
dants. The chancellor, impressed with the conviction that truth
was with the defendants, denied the right of partition as to the

lands claimed by the defendant Prestidge, thus recognizing his title by prescription, and from the decree as to these lands the petitioners do not appeal. But as to the lands, title to which was asserted to be in William Cooper, on the ground, as we are informed by the briefs of counsel, that Mrs. Cooper could not set up an outstanding title, partition was secured.

Counsel for appellees relies upon a line of authorities by which it is held, and rightly, that where one tenant in common receives possession of the common estate by reason of the common title, he may not while in possession set up an outstanding title as against the co-tenant.

In all the cases relied upon, except *Burleson* v. *Burleson*, 28 Texas 383, the decisions are put upon the ground of estoppel against the *party in possession* to set up the outstanding title, because he had entered under the common title. In *Burleson* v. *Burleson* the decision proceeds upon the reason that under the law of Texas all persons having an interest in the subject-matter may be made parties defendant to the partition suit. Such is not the practice in this state, for with us only those having an interest in the result sought, the partition, can be made parties. *Nugent & McWillie* v. *Powell et al.* 63 Miss. 99.

We are somewhat surprised by the decree of the court below, in view of the fact that it correctly appreciated the law and permitted William Prestidge, who was actually in possession of a part of the land, to prove want of title in the petitioners as to the land he held, by proving title in his father, and now held by himself. This was correct, for the reason that possession was taken against and not in subserviency to the claim of Mrs. Anna Prestidge, the common ancestor of petitioners and defendants. We fail to perceive why a different principle was applied, as against Mrs. Cooper, who not only never entered under the common title, but, in fact, was never in possession of the land at all. If petitioners have no title, they have no standing in court, and their want of title is as fatal to them, if the true title and possession is in a stranger, as it would be if it were in Mrs. Cooper. There must be a *res* for the proceedings in partition to attach to, and that *res* is a common estate. Where the

defendants are prevented by the doctrine of estoppel from denying the common estate, it is just as though it was proved to exist, but where, as here, there is no element of estoppel, and the defendant clearly shows that there is no title in the petitioners, there is nothing to which the jurisdiction of the court can attach. *Ingram* v. *War*, 5 S. & M. 746; *Shearer* v. *Winston*, 33 Miss. 149; *Mattair* v. *Payne*, 15 Florida, 682.

<div align="right">

*Decree reversed and case dismissed.*