W. S. P. CLAUGHTON v. JAS. G. CLAUGHTON ET AL.

1. PARTITION. *Adverse claim. Jurisdiction.* Code 1880, ? 2576.

Under ? 2576, code 1880, the chancery court has jurisdiction in a partition suit to adjudicate all conflicting claims or controversies between those properly joined as parties. This is true, even where a defendant, alleged to be a co-tenant, denies that he is such, and asserts an adverse title in himself. *Nugent* v. *Powell*, 63 Miss., 99.

2. ADVERSE POSSESSION. *Husband and wife. Joint occupancy. Title.*

Where a husband has conveyed land to his wife, although confessedly in fraud of his creditors, and they continue, as before, to occupy it together as their home, their joint possession will be referred to her title, and, after her death, he cannot claim, as against her heirs, that his possession was adverse to her.

FROM the chancery court of Franklin county.

HON. CLAUDE PINTARD, Chancellor.

James G. Claughton and others, appellees, exhibited this bill against W. S. P. Claughton and others, to obtain partition of certain land, which the bill alleges complainants and defendants, as heirs of Nancy Claughton, owned as tenants in common.

Defendant, W. S. P. Claughton, is the surviving husband of Nancy Claughton, who died in 1888, and the remaining parties to the suit are her children. The real and only controversy in the case arises on the adverse claim of title set up by W. S. P. Claughton, the husband. By his separate answer he denies that his wife ever had any title to the land, and averred that he had been in adverse possession for more than ten years, and his claim of title had been acquiesced in by his wife and all others. He admitted that he had at one time executed a trust-deed conveying the land to one Seale, as trustee, and that the latter had sold the land and executed a deed to Nancy Claughton, the beneficiary, but says the trust-deed and the conveyance by the trustee were both voluntary

and for the purpose of protecting the lands from a threatened suit against him; that the deed to Nancy Claughton, though recorded, was never delivered to her, and she never claimed ownership under it. The testimony taken in support of this answer showed that W. S. P. Claughton executed the trust-deed to Seale at a time when he was surety on a sheriff's bond, his avowed purpose being to place the land beyond the reach of execution. There was some evidence tending to show that W. S. P. Claughton had always claimed to own the land, and that his wife had never claimed to be the owner. But it is not denied that, up to the time of her death, the wife had lived with her husband and their family on the land.

The foregoing statement is sufficient for an understanding of the only questions passed on by the court. The decree was in favor of complainants.

Section 2576, code 1880, the construction of which is involved in the opinion, is as follows: " If the title of the complainant seeking partition or sale of land for a division of its proceeds shall be controverted, it shall not be necessary for the court to dismiss the bill or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in said suit by the chancery court, which shall have power to determine all questions of title, and to remove clouds upon the title of any of the lands whereof partition is sought, and to apportion incumbrances, if partition is made of land incumbered, and it is deemed proper to do so; and said court in such suit may adjust equities and determine all the claims of the several parties thereto as to the lands whereof partition or sale is sought.

*Cassedy & Williams*, for appellant.

1. The answer of appellant raised a pure and simple issue of title to the land, and the court had no jurisdiction to proceed further with the partition suit. *Nugent* v. *Powell*, 63 Miss., 99; *Cooper* v. *Fox*, 67 *Ib.*, 237. Section 2576, code 1880, does not enlarge the jurisdiction to the extent claimed.

2. The binding force, as between the parties, of a deed made in fraud of creditors is conceded. Its true character is set up in the answer to show that Mrs. Claughton held the land under a secret trust for the real owner, her husband, and that she never claimed title under it. The reconveyance only made visible his ownership, which all the while secretly existed. 29 Barb., 485; 3 Baxter, 12; 6 Wis., 106; 96 Ind., 505; 88 N. C., 256.

3. The adverse possession of the husband is not denied. There is no reason why adverse possession may not be asserted by husband against his wife. Her disabilities have been completely removed. The same result should follow as to his. See *Hartman* v. *Nettles*, 64 Miss., 495; *Massey* v. *Rimmer*, 69 *Ib.*, 667.

*A. H. Geisenberger* and *J. J. Proby*, for appellees.

The complainants and defendants are co-tenants, and all their conflicting claims may be adjudicated in this suit. Code 1880, § 2576; *Nugent* v. *Powell*, 63 Miss., 99; *Cooper* v. *Fox*, 67 *Ib.*, 237. The possession of the husband, being lawful, was not adverse. *Hignite* v. *Hignite*, 65 Miss., 447; *Day* v. *Davis*, 64 *Ib.*, 253. W. S. P. Claughton had no color of title, and his possession, as being adverse, was, at most, a question of fact, and was adjudicated against him by the decree.

CAMPBELL, C. J., delivered the opinion of the court.

The objection that the chancery court did not have jurisdiction to try the disputed claim of title between the parties, because the defendant asserted title in himself, and denied the claim of the complainants, is without force, and receives no support from either case cited for it. On the contrary, it was distinctly announced in *Nugent* v. *Powell*, 63 Miss., 99, that the statute (§ 2576 of the code of 1880) authorized the court to settle all the conflicting claims of such parties as were properly joined as co-tenants, but it is not allowable

to bring into a suit between co-tenants one who is not alleged to be such; and, in *Cooper* v. *Fox*, 67 Miss., 237, the same rule was announced—*i. e.*, "Only those having an interest in the result sought—the partition—can be made parties." The necessary implication of this is, that all having an interest in the partition sought are to be parties. To hold otherwise would nullify the statute, and compel a resort to law to try title in every case in which the defendant set up title in himself, a result the statute was designed to prevent. The court has power to decree partition between co-tenants, and must be able to determine whether those alleged to be are such or not, otherwise it would be balked in every instance of dispute as to the existence of this relation between the parties. It has full power to adjust all claims and administer appropriate relief in partition suits between all proper parties, and does not lose this power by the assertion of a party that he is not a co-tenant. That is the essential matter, without which a decree for partition cannot be made; and, when put in issue, it must be decided by the court in which the suit is pending.

The decree is clearly right. The case might have been set for hearing on the bill and answer, and a decree for partition would have followed. No testimony was needed. The claim of title by the appellant on the facts stated by his answer is without any—the least—support. The title was, by his fraudulent act, vested securely, as against him, in his wife, who lived and died the owner, never having conveyed it. His claim by recognition and acquiescence of his wife and by adverse possession is frivolous. His wife was in possession with him, and the title was in her, and the mixed or joint possession was referable to the title. It was the possession of the wife, and the business done by him with this property of the wife, and now claimed as evidence of title in him by consent of the wife, was, under § 1177 of the code of 1880, her business, done by him as her agent.

<div align="right">

*Affirmed.*