The Chief Justice
delivered the opinion of the Court:
The plaintiffs filed their bill alleging that they and the defendant Robert S. Howard, together with the infant co-defendants are the only heirs of Charles Howard, who, since the 10th of March, 1847, and up to the time of his death, December 4th, 1869, was seized and possessed of a certain *225 piece of real estate in the District of Columbia; that the said real estate descended from said Charles Howard to the parties to this suit, subject to the dower of their mother, Eliza Howard, who died on the 7th day of March, 1878; that a majority of the complainants and the first named defendant, Robert S. Howard, with their mother, resided on said real estate from the death of said Charles Howard until the death of said Eliza Howard; that said Robert S. Howard has remained continuously in possession of said real estate ever since the other complainants removed therefrom; that complainants are advised and so charge, that they, with the defendants, are tenants in common of the said real estate, and are entitled to a partition of the same; that said real estate is not susceptible of a partition in kind, and they accordingly pray a sale and partition of the proceeds among the complainants and defendants.
To this bill the defendant, Robert S. Howard, answers, denying that said Charles Howard was ever seized of the property as alleged, or that the said real estate descended to the parties to this suit. He admits that after the death of said Charles Howard, a majority of the complainants, with the said Eliza Howard, resided with respondent on the real estate in question, until about a year after the death of said Eliza Howard. He admits that he has continuously occupied and remained in possession of the said real estate ever since complainants abandoned said land and moved away from the same; and that he has,, moreover, continuously occupied the said real estate from the death of said Charles Howard, in 1869, and has always and continuously from that time to the present, occupied and still occupies and holds the same, adversely against all persons whomsoever. He prays the same relief by his answer as if he had specially demurred to the bill.
A motion was made by the defendant, after the filing of his answer in the court below, to dismiss the bill upon the pleadings. This motion was overruled, a replication was filed, and the party proceeded to take testimony. A decree *226 was entered in the court below on the testimony, and from that decree an appeal was taken to this court.
It is claimed by the defendant that this rule is plainly an ejectment suit in disguise. The complainants allege in their bill that they are tenants in common with the defendants, and the defendant answers denying this, and averring that he is in the exclusive possession of the property, and claims it against all the world.
There is no better settled rule of equity jurisprudence than that which declares that a court of equity will never decree a .partition while the title is in dispute between the parties. If the complainants aver title, and that title, as a matter of fact, is disputed, a court of equity will either dismiss the bill or retain the cause, in order that the 'question of title may be determined by a suit at law.
This is well settled by numerous authorities, among which we refer to 3 Pomeroy’s Equity Jurisprudence, Sec. 1388; 1 Story’s Equity Juris., note 1 to Sec. 650; Willard’s Equity Juris., 704; and Lessee of McCall vs. Carpenter, 18 Howard, 302.
In the case of Wilkin vs. Wilkin, 1st Johnson’s Chancery, 111, Chancellor Kent says:
“A court of equity will not sustain a bill for partition where the title is denied, but the bill will be retained to give the plaintiff an opportunity to establish his title at law.”
To the same effect may be cited 35 Missouri, 326; 5th Barb. (N. Y.), 62; 35 Wis., 141; 31 Wis., 202; 22 Mich., 59; 33 Miss., 149; and 26 Ill., 473.
The same rule is established in England.
It is true that these pleadings show such a state of facts as that if it had been true that Charles Howard had died seized of these premises, Robert S. Howard and his brothers and sisters would have inherited the title, and they would necessarily have been tenants in common; but by his answer Robert S. Howard denies that Charles Howard was ever seized of the premises, while he admits his occupation for the time mentioned in the bill. He says, however, that his *227 father never occupied it as owner, and was never seized of the premises, and therefore neither he nor any of his brothers or sisters ever inherited any interest in the premises from their deceased father.
That makes an issue of fact which can only be disposed of by an action in ejectment. The title should be established by 'an action at law before this court is called upon to divide the premises between the parties.
In effect Robert S. Howard says, my occupancy cannot be disturbed by the complainants nor any one except the real owner, and I deny that the complainants have any title to or any interest whatever in the land.
The decree of the court below will be reversed, and the cause remanded with instructions to the court below to dismiss the bill unless the complainants shall, within a reasonable time to be fixed by that court, bring an action at law to establish their title.