## BEEBE *v.* LOUISVILLE, N. O. & T. R. Co. *et al.*

*(Circuit Court, N. D. Mississippi, W D    June 25, 1889.)*

1. PARTITION—EQUITY JURISDICTION—ADVERSE CLAIMANTS.
   Code Miss. 1880, § 2576, provides that, "if the title of the complainant seeking partition or sale of land for a division of its proceeds shall be controverted, it shall not be necessary for the court to dismiss the bill, or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in said suit by the chancery court, which shall have power to determine all questions of title, and to remove clouds upon the title of any of the lands whereof partition is sought," etc.  *Held,* that this section does not authorize a tenant in common to make defendants to his bill for partition persons claiming adversely to all the tenants in common.

2. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
   Where the equity jurisdiction of the federal court is derived from a state statute, the construction put upon the statute by the state supreme court is binding upon the federal court.

3. SAME—CITIZENSHIP.
   A citizen of New York filed his bill for partition in the federal circuit in Mississippi against citizens of Mississippi as tenants in common, and also joined as defendant a railroad company, a Mississippi corporation, which claimed title to the land adversely to all the tenants in common.  *Held,* that as to the controversy between the tenants in common in regard to the partition the court had jurisdiction, but as to the controversy between the tenants in common and the railroad company it had no jurisdiction, as the parties having the same rights and interests were not all citizens of states different from those on the other side.

In Equity.    On demurrer to bill.

*W. V. Sullivan* and *A. O. Whitfield,* for complainant.

*W. P. Harris* and *W. G. Yerger,* for defendant railroad company.

HILL, J.    The questions now for decision arise upon the demurrer of said railroad company to complainant's bill.    The bill, in substance, alleges that complainant, Albert Beebe, who is a citizen of the state of New York, and defendants W. V. Sullivan and Mrs. C. E. Archibald, citizens of the state of Mississippi, and within the jurisdiction of this court, are the owners, as tenants in common, of the lands described in the bill, and are the only lawful owners thereof, and are in the actual occupancy of a large portion of said lands, and that, owing to the situation of the same, they are not susceptible of a division between complainant and W. V. Sullivan and Mrs. C. E. Archibald; complainant being entitled to the one-fourth in value thereof, said Sullivan to the one-fourth, and Mrs. Archibald to the one-half thereof.    The bill further alleges that the Louisville, New Orleans & Texas Railroad Company, defendant, and the other defendants, as complainant is informed and believes, set up claim to said lands under pretended tax-deeds and claims from other sources, which the bill avers are void and invalid, but which cast clouds upon complainant's title to said lands.    The bill prays that by a decree of this court said pretended titles be declared void, and canceled, and said clouds be removed from complainant's title, and that said lands be sold by a decree of this court, and the proceeds be divided

between complainant and his co-tenants, as stated in the bill. To the allegations in the bill and the relief sought the defendant railroad company has interposed its demurrer, stating nine different grounds of demurrer, most of which are not maintainable, but need not be considered, as the seventh and ninth grounds must be decisive of the ruling of the court upon the demurrer. The seventh ground stated is that the bill seeks a partition of the lands described, or a sale of the same for division of the proceeds between the tenants in common stated in the bill, and has joined in the bill holders of adverse titles, and seeks in said suit to litigate with their respective titles, which the demurrant insists he cannot do. The complainant, for the jurisdiction of the court upon the point raised in this ground of demurrer, relies upon the provisions of section 2576 of the Code of 1880, which reads as follows:

"If the title of the complainant seeking partition or sale of land for a division of its proceeds shall be controverted it shall not be necessary for the court to dismiss the bill or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in said suit by the chancery court, which shall have power to determine all questions of title, and to remove clouds upon the title of any of the lands whereof partition is sought, and to apportion incumbrances if partition is made of land incumbered, and it is deemed proper to do so; and said court in such suit may adjust equities, and determine all the claims of the several parties thereto, as to the lands whereof partition or sale is sought."

There can be no doubt of the jurisdiction of the chancery court, under the provisions of this section, to adjust and determine all the rights of the tenants in common, joint tenants, or co-parceners in the land, and of all persons holding liens or incumbrances on the land growing out of and derived from the tenants in common or joint owners, or either of them, and to settle all controversies between them, and enforce their several rights; and if the railroad company was a tenant in common, or had any interest in common with the tenants in common, or held any lien or incumbrance under them or either of them, by mortgage, trust-deed, judgment lien, or otherwise, the court would have full jurisdiction to settle and determine all questions of title and interest of every kind between it and the co-tenants, and by decree to declare any claim set up by it void if the proof so justified, and to remove the same as a cloud upon the title of the tenants in common, the court otherwise having jurisdiction of the cause; but the claim of title of the railroad company is entirely adverse to the title of complainant and the other tenants in common stated in the bill. It is contended on the part of the complainant that the provisions of section 2576 of the Code, above stated, provide for the removal of clouds from the title of those seeking partition or sale for division and the adjustment of all equities between the parties. Several of the states have statutes similar to this section, which have been construed by the supreme courts of such states as conferring the power, in the partition proceedings, to make all persons setting up adverse claims to the lands sought to be partitioned or sold for division parties defendant, and to adjudicate all claims set up by them, and to declare such as may be found invalid clouds upon the title of those seeking partition or

sale, and, by decree of the court, ordering the same canceled and removed as such clouds. Taking the provisions of this section, and the construction put upon similar statutes by the courts of such states, I would be very much inclined to give to this section the same construction. But this jurisdiction being conferred by a statute of the state upon the chancery courts of the state, and being worked out by the federal courts in favor of non-resident owners of the lands, as a special remedy, and not embraced within the general equity jurisdiction of the court, this court, in my opinion, is bound by the construction given to it by the supreme court of the state, and which construction is considered as a part of the statute, and especially so as it relates to real estate within the state. The supreme court of the state, in the case of *Nugent* v. *Powell*, 63 Miss. 99, has given a construction to this section of the Code, in which the court declares that "it is a mistake to assume that section 2576 of the Code of 1880 authorizes a tenant in common with another to exhibit his bill against his co-tenant, and, as an incident thereto, to join all parties claiming adversely to both." This construction being binding on this court upon this point, it follows that this ground of demurrer is well taken. It is urged upon the part of complainant that in equitable remedies this court cannot be controlled by state legislation or by the decisions of its courts, but will only exercise the jurisdiction and afford the remedies exercised by the court of chancery in England, modified by the acts of congress, and by the rules of the supreme court of the United States. This is true so far as it relates to the general equity jurisdiction, but it is otherwise when the jurisdiction and remedy are derived from a statute of the state, as in this case. The ninth ground of demurrer is as follows: "That the controversy between two co-tenants, collectively, and the defendant company is not a part of nor an incident to the controversy between citizens of different states; that is, W. V. Sullivan and Mrs. C. E. Archibald being citizens of Mississippi, this court has no jurisdiction of such controversy." It is well settled by numerous decisions of the supreme court of the United States that, to give the circuit courts of the United States jurisdiction of causes, all parties necessary to the adjudication of the rights of the parties on the one side or the other, having the same rights and interests, must be citizens of different states from those on the other side, no matter whether they are, on the face of the pleading, stated as plaintiffs, or complainants, or defendants. The court will, in determining the question of jurisdiction, place the parties on the one side or the other, according to their respective interest in the subject-matter of litigation. It is very clear that on the question of partition or sale the co-tenants, the complainant, and Sullivan and Mrs. Archibald are all necessary parties, and that in the controversy with the railroad company their interest is identical, and adverse to the interest of the railroad company, so that, as to the controversy between the co-tenants on the one side and the railroad company on the other, this court is without jurisdiction. But, so far as the bill seeks partition or sale of the lands for division of the proceeds, the jurisdiction is complete, and, if a division of the lands is made, it can be done without the settlement of the contro-

versy between them, or either of them, and the other defendants, which may be proceeded with jointly by them in the state court, or separately after partition is made. The result is that the demurrer upon the part of the railroad company must be sustained, and the bill dismissed as to it, but the bill will be retained for further proceedings between the complainants and other defendants.