111  317
135  310

# Harrison v. Taylor *et al.*

### *Bill in Equity for Partition of Land.*

1.  *Bill in equity for partition of lands; when adverse claim of defend-
ant must be determined at law.*—Where a bill in equity for partition
shows that the complainant has the legal title to an undivided inter-
est in the land sought to be partitioned, but a defendant denies that
the complainant has any interest in the land, and sets up an appar-
ently *bona fide* adverse claim, the court of chancery will not adjudi-
cate the conflicting claims, but may stay proceedings until the rights
of the parties have been determined in a suit at law.

2.  *Same; when court will not take cognizance of allegations of an
equitable estoppel of defendant to deny complainant's title.*—Where a bill
for partition shows that the complainant has a perfect legal title to an
undivided interest in the lands sought to be partitioned, and the de-
fendant sets up an adverse claim, the fact that the bill alleges facts
claimed to constitute an equitable estoppel on the defendant to deny
the complainant's title, will not give the chancery court jurisdiction
to adjudicate the conflicting claims.

APPEAL from the Chancery Court of Greene.

Heard before Hon. THOMAS E. KNIGHT, Special Chan-
cellor.

The bill in this case was filed on January 8, 1895, by
the appellant, Easter Harrison, against the appellees,
Mary Alexander and John R. Taylor, as the executor of
Harriet Brown, deceased. The material allegations of
fact therein contained are as follows : John Childers, a
resident of Greene county, in said State, died in the year
1878, seized and possessed of a plantation in said coun-
ty, whereon he resided next before his death, the lands
in controversy forming a part, leaving him surviving,
his widow Harriet and his sons Ross and Guilford
Childers, and complainant, his daughter, his sole heirs
at law and distributees. Said Harriet married one
Brown and he soon after died ; and in the year 1892, the
said Harriet died unmarried, leaving a last will and
testament, in which John R. Taylor was named as the
sole executor, and he qualified and is now acting as such
under letters issued from the probate court of said coun-
ty. Syd Moore was appointed and qualified as the ad-

ministrator of said John Childers in 1878 ; he thereupon filed his petition in said court, praying for the allotment of dower to the said Harriet, and Ross and Guilford Childers and complainant were made defendants therein; and it was alleged that they were the children and sole heirs at law of the said John Childers, and the court ordered dower allotted to said widow, which was done by setting apart the lands in controversy. The said administrator also filed his petition in said court praying for an order of sale of all the lands of the deceased ; and it was therein alleged that Ross and Guilford Childers and complainant were the only children and sole heirs at law ; and they and said Harriet were made defendants to the said petition ; the court ordered the sale of all the lands except the dower tract ; and the court in its decree, judicially determined that Ross and Guilford Childers and complainant were the children and sole heirs at law of John Childers, and that said Harriet was his widow. The said administrator afterwards filed his accounts and statements under oath as required by law, together with a list of the heirs at law, and in which they were returned as the children and sole heirs at law, and Harriet as the widow, of deceased. He made a final settlement of his administration in said court, and decrees were rendered by said court in favor of each of said heirs at law and also in favor of said Harriet. And by the decree of said probate court, it was judicially ascertained and determined that said Ross and Guilford Childers and complainant were the only children and sole heirs at law, and said Harriet was the widow, of deceased. The bill further averred "that the said John R. Taylor, as executor of the said Harriet Childers, denies that your oratrix is one of the heirs at law of the said John Childers, and has any interest in the said dower tract of land, or the rents and profits arising therefrom, notwithstanding the fact that the only title in fee, held by the said Harriet, was derived by her from the said Ross Childers and Guilford Childers ; the said interest of the said Ross and Guilford having been sold by the sheriff, and purchased by the said Syd Moore, who afterwards by deed conveyed his two-thirds acquired at sheriff's sale and conveyance to him, to the said Harriet ; and the said Harriet had and held no other interest than the two-thirds interest acquired by the conveyance made to her by the said

Moore, at date of her death, in and to the said dower lands." It was further averred in the bill "That the said John R. Taylor, as such administrator, and the privies in blood or estate are estopped from raising the question as to whom the legal title to the said dower lands is in, because the record of this case shows that it has been judicially determined, that your oratrix is one of the heirs at law of said John Childers, in a court of competent jurisdiction and having all the parties before it, and it is now too late to raise this question;" and that said Harriet always recognized the title and interest of the complainants in the lands in controversy; that Mary Alexander claims to be the sole devisee under the will of said Harriet, and claims an interest in the real estate described in the bill; and that John R. Taylor, as the executor of said Harriet has collected the rents of said lands, and refuses to account to the complainant for her share therein.

The prayer of the bill was that it be decreed that complainant is entitled to an undivided one-third interest in and to the said dower tract described in this bill, and that the representative of the said Harriet Brown owns the other two-thirds undivided interest therein; that the defendants are estopped by the record of the said case from denying the title of your oratrix to the undivided interest in and to the said dower tract; and further, that the lands described be partitioned between your oratrix and the said John R. Taylor, as the executor of the said Harriet Brown, deceased, and the said Mary Alexander, if she has any interest therein; one share to be allotted to your oratrix, for her undivided one-third interest, and two-thirds to the said Harriet Brown's representative, or devisee, as it may appear.

To this bill the respondents demurred, among others, upon the following grounds: "1st. The said bill shows on its face that the said lands, the subject of the suit is claimed adversely to complainant in said cause under a disputed state of facts. 2d. The said bill shows that said lands are in the adverse possession of respondents who claim them adversely to complainant, under a disputed state of facts. 3d. Come the respondents and demur to so much of the bill of complaint in this cause as sets up that respondents are estopped from denying that the complainant has title to the land in controversy, or

to an undivided one-third interest in the same, upon the ground that said bill shows no fact which estops the respondents or either of them from denying such title. 4. And the said respondents demur to so much of the bill of complaint as sets up that as to the respondents it has been judicially determined by a court of competent jurisdiction that said complainant is a lawful heir of the said Childers, and, therefore, an owner of an undivided one-third interest in said land upon the ground that said bill fails to show any fact why in this cause respondents or either of them shall not be allowed to deny that said complainant is an heir of said Childers.''

On the submission of the cause on the demurrers, the chancellor decreed that the demurrers to the whole bill were not well taken, and overruled them. He sustained the demurrers directed to parts of the bill, and made the following order : "And it appearing to the court that one of the respondents denies the title of the complainant to the lands, the subject of this suit, it is, therefore, ordered, adjudged and decreed that all proceedings in this cause shall be stayed until a trial be instituted and had at law by the said complainant against the party or parties denying her said title or claiming ownership in said interest, in which trial it shall be ascertained whether or not the complainant has title to an undivided one-third interest in said lands, as provided in an act entitled 'An act to amend section 3588 of the Code,' approved January 31, 1895.''

The complainant appeals from this decree, and assigns the same as error.

GREEN B. MOBLEY, for appellants.—It is not denied that the chancery court alone has jurisdiction in this case, as the property will have to be divided into unequal shares.—*Ward v. Corbitt*, 72 Ala. 38. The Code of 1886 is merely declaratory of equity jurisdiction.—*Donnor v. Quartemas*, 90 Ala. 164. The bill states distinctly not only the source of title of each of the litigants, but also, the present title and interest sought to be adjudicated. The facts are squarely presented. The bill shows the contention of each. Respondents affirm that appellant is not an heir at law of John Childers, and, therefore, she is not entitled to the land and the rents ; appellant replies, that they are estopped to deny her title, for the

reason that the only title held and claimed in fee by Harriet Childers, at death, was acquired from her brothers, tenants in common with her, and said Harriet by her purchase became a tenant in common with appellant.—*Pendley v. Madison*, 83 Ala. 484; *Ballard v. Johns*, 80 Ala. 32.

The respondents are estopped from denying that the complainant is an heir of the decedent, because that fact has been adjudicated and determined by a court of competent jurisdiction.—Freeman on Judgments, 1055, § 607; Wharton on Evidence, §§ 760, 765; *Austin v. Willis*, 90 Ala. 421; *McQueen v. Turner*, 91 Ala. 273; *Bullock v. Knox*, 96 Ala. 195; *Whitlow v. Echols*, 78 Ala. 208; *Eatman v. Eatman*, 82 Ala. 223.

SEAY & DeGRAFFENREID, *contra.*

HEAD, J.—On bill for partition of lands among joint owners or tenants in common, if the alleged title of the complainant is equitable merely, and claims—adverse to that title - are set up by the respondents, or either of them, the court of chancery will itself adjudicate the conflicting claims and decree partition, or not, according as the complainant may or may not prevail in his assertion of his own and the respondent's ownership; but if the bill shows the complainant to be seized of the legal estate in his asserted undivided interest, and apparently *bona fide* adverse claims are set up by a respondent, the court will not adjudicate the conflict, but may direct it to be tried according to the course of the common law, in its own or the appropriate legal tribunal.— *Horton v. Sledge*, 29 Ala. 478; *Hillens v. Brinsfield*, 108 Ala. 605; Code of 1886, §§ 3585, *et seq.*

The present bill expressly avers that John Childers died seized possessed of the lands in controversy, leaving, besides his widow, Harriet Childers, his three children, consisting of complainant, his daughter, and Ross and Guilford Childers, his sons, as his sole heirs at law; and seeks partition, and the allotment to complainant of her one-third interest, as such heir. Thus her estate is shown to be strictly legal. The bill avers that the widow, Harriet, held the land in dower, under due allotment, during her life; and, pending that estate, purchased and acquired by deed the title of said Ross and

[Harrison v. Taylor *et al.*]

Guilford, whereby she became the owner in fee of an undivided two-thirds interest, and a tenant in common with complainant—the latter's interest being an undivided one-third in fee, dependent upon the widow's precedent estate for life. The widow died in 1892, and respondent, Taylor is executor of her will, to whom, it is prayed, that the two-thirds interest of his testatrix be allotted. It is not shown who are the devisees or heirs of the testatrix, but one Mary Alexander is made a party defendant, upon the averment the she claims to be the devisee, or to have some interest in the land. There is in the bill, no qualification of the averments which, as we have said, show the complainant to be seized of the legal estate in her one-third interest; but it is averred that said Taylor as executor denies that complainant is one of the heirs at law of said John Childers, and has any interest in the lands in controversy, or the rents thereof, which rents he has collected and refuses to pay complainant her share. Thus we have, according to bill, a wrongful *ouster* or disseizin of the complainant by the said executor, and an adverse holding by him, which can be determined only by a trial, as at the common law.

The remaining allegations of the bill set up certain facts, and certain judicial proceedings to which said testatrix was a party, which, it is insisted, constitute an equitable estoppel upon her executor, or devisee, or heir, to now aver, in answer to the bill, that complainant was not an heir of John Childers, entitled, as such to inherit her share of his estate. It is not claimed, nor can it be, that these facts and proceedings relied upon as an estoppel conferred any legal title upon complainant, whereby their averment might be treated as cumulative of those preceding which show a legal title. Nor can the alleged equitable estoppel possibly aid the perfect legal title shown by the bill. It is obvious, therefore, in the frame of the present bill, that the court can take no cognizance of these allegations of estoppel. If the bill had shown that the complainant, in fact, was not an heir, and held no legal title, but relied, for her interest in the land, upon her right in equity thereto, by virtue of the alleged estoppel, the case would be differently presented, and we should determine, upon the allegations, whether or not an estoppel had arisen. As

the case, now is, the chancellor pursued the proper course, and his decree must be affirmed..

Affirmed.