Baca v. Anaya.

[No. 1101, February 25, 1908.]

ROMAN L. BACA, et al, Plaintiffs and Appellees, v. SANTIAGO ANAYA, et al, Defendants and Appellees, FILOMENA PEREA de OTERO, Intervenor and Appellant.

### SYLLABUS (BY THE COURT).

1. Under C. L. 1897, Section 3182, providing that during the pendency of any partition suit any person claiming to be interested in the premises may appear and assert his right by interpleader, the right to intervene is given to all persons claiming an interest in the land, whether under the common title sought to be partitioned or by title independent thereof.

2. Parties in possession of land claiming it under a Spanish grant made in 1760 were thus entitled to intervene to quiet their title in a partition suit, affecting the same land, pending between co-tenants under a Spanish grant made in 1800.

3. Under the Code system merging courts of law and equity, the determination of issues of title arising in a partition suit does not necessitate additional and separate suits, but such issues may all be determined in the same partition action

4. The right to intervene given by C. L. 1897, Section 3182, to one claiming an interest in the land, is insured by statute and the court has, when such right is seasonable asserted, no discretion to deny it.

Appeal from the District Court for Bernalillo County before BENJAMIN S. BAKER, Associate Justice. Reversed and remanded.

Baca v. Anaya.

CATRON & GORTNER, for Intervenor and Appellant.

As to jurisdiction of the court to entertain petition of intervention. Compiled Laws, secs. 3179-3183; 8 and 9 Will., 3, c. 31; N. Y. Code secs. 1538, 1540, 1543, 1544; 3 Starr & Curtis Ann. Stat., Ill., ch. 106, secs. 2912 et seq.; 2 R. S. Mo. 1899, secs. 7132, 7134, 7135, 7137, 7145; Cal. Civil Code, secs. 752, 759; Ind. Stat. vol. II, p. 361, secs. 1, 5; Clapp v. Bronagham, 9 Cow. 530, 569; Wilkins v. Wilkins, 1 John., ch. 115; Phelps v. Green, 3 John., ch. 304; Curran v. Spraull, 10 Grat. 147; Graves v. Graves, 3 Sneed 189; Overton's Heirs v. Woolfolk, 6 Dana 374, 375; Maxwell v. Maxwell, 8 Ired. Eq. 29; Parker v. Kane, 22 How. 13, 17; Parker v. Gerard, Amb. (108) 236; Marshall v. Crehore, 13 Met. 403, 464; Cuyler v. Ferrill, 1 Abb. U.S. C.C. 182, 183; Foster v. Abbott, 8 Met. 596; Rochester v. Lee, 1 McN. and G. 467; Bishop of Ely v Kendrick, Bunb. 322; 2 Atk. 882, Amb. 236; Miller v. Dennett, 6 N. H. 109; Whittemore v. Shaw, 8 N. H. 393; Weeks v. Edwards, 176 Mass. 453; Cook v. Allen, 2 Mass. 461; Richardson v. Cambridge, 2 Allen 118; Carpenter v. Green, 11 Allen 26; 2 Gavin & Hord 361; Freeman on Cot. & Part., secs. 450, 503; 21 A.&E. Enc. of Law, 2 ed. 1195; 1 Story Eq. Jur., secs. 646-658; Cooper Eq. Pl. 135; 2 Ban. Ch. Pr. 770; 2 Greenl. Crui. Dig. 378, 379; 4 Kent. 365; Lucas v. King, 10 N. J. Eq. 200; Obert v. Obert, Id. 100; Weston v. Stoddard, 137 N. Y. 119, 121, 125; Satterlee v. Cobbe, 173 N. Y. 95; Baker v. Oakwood, 123 N. Y. 16; Ellerson v. Westcott, 148 N. Y. 149; Biglow v. Biglow, 39 App. Div. (N. Y.) 103; Holder v. Holder, 40 Id. 255; Bender v. Terwillinger, 48 Id. 371; Drake v. Drake, 61 Id. 1; Cuyler v. Terrill, 1 Abbott, U. S. C. C. 182, 183; Call v. Barker, 12 Me. 325; Larrabee v. Rideout, 45 Me. 193; Hassam v. Day, 39 Miss. 395; Shearer v. Winston, 33 Miss. 150; Ormond v. Martin, 37 Ala. 605; Griffin v. Griffin, 33 Ga. 109; Foster v. Jones, 17 So. Rep. 893; Chopin v. Bank, 47 La. Ann. 661; Cook v. Webb, 19 Minn. 170; Searborough v. Smith, 18 Kan. 399.; James v. Brown, 48 Ia. 569; Telford v. Barney, 1 Green (Ia.) 575; Barney v. Chittenden, 2 Id. 165;

Wright v. Marsh, Id. 94; Wilson v. Dresser, 152 Ill. 389; Howey v. Goings, 13 Ill. 95, 107, 108; Tobin v. Tobin, 45 Wis. 298; Nash v. Church, 10 Wis. 255, 303; Allie v. Schmitz, 17 Wis. 169; Forder v. Davis, 38 Mo. 115; Holloway v. Holloway, 97 Mo. 633, 639 et seq.; Real Est. Sav. Inst. v. Collonius, 63 Mo. 290; Thompson v. Holden, 117 Mo. 126; Perry v. Richardson, 27 Ohio St. 110; Godfrey v. Godfrey, 17 Ind. 9; Walcot v. Wiglon, 7 Ind. 46; Milligan v. Poole, 35 Ind. 64; Miller v. Noble, 86 Ind. 527; Luntz v. Greve, 102 Ind. 173; Thorp v. Hanes, 107 Ind. 324; Isbell v. Stewart, 125 Ind. 112; DeUprey v. DeUprey, 27 Cal. 335; Morenhaut v. Higuera, 32 Cal. 293; Bolo v. Navarro, 33 Cal. 465; Gates v. Salmon, 35 Cal. 597, 598; Martin v. Walker, 58 Cal. 590, 597; Jameson v. Hayward, 106 Cal. 687; Adams v. Hopkins, 144 Cal. 29; Best v. Zeh, 82 Hun. 232, affirmed in 146 N. Y. 363; Hancock v. Lopez, 53 Cal.327b; Holland v. Challen, 110 U. S. 21.

A. B. MCMILLEN and H. F. RAYNOLDS, for Appellees.

As to jurisdiction of the court to entertain petition of intervention. 21 A. & E. Enc. of Law 1186 and cases cited; Cook v. Allen, 2 Mass. 461; Nash v. Church, 10 Wis. 255; Parker v. Kane, 22 How. 17, distinguished. Compiled Laws, 1897, secs. 3179-3182; 15 Enc. P. & P. 605; Dial v. Reynolds, 96 U. S. 340; Peters v. Bowman, 98 U. S. 60; Chapin v. Walker, 6 Fed. 796; Farmers' Loan Etc. Co. v. San Diego, Etc. Co., 40 Fed. 110; Wells v. Francis, 7 Colo. 415, 4 Pac. 50; Gage v. Perry, 93 Ills. 179; Bell v. Pate, 47 Mich. 469, 11 N. W. 275; Dickerson v. Uhl, 71 Mich. 406, 39 N. W. 476; Wolf v. Harris, Tex., 48 S. W. 530; Safe Deposit, etc. Co. v. Elect. Lt. Co. 12 Wash. 139, 40 Pac. 732; Hillens v. Briersfield, 108 Ala. 614, 18 So. 608; Bank v. Thornton, 83 Va. 166, 2 S. E. 194; 68 A. S. R. 354-362, note; Flournoy et al v. Bullock, Baker & Co., et al, 11 N. M. 87; Hymen v. Cameron, 46 Miss. 726; Pomeroy's Remedies and Remedial Rights, 2 ed., secs. 411-431; Field v. Mathison, 3 Rob. 38; Tutorship of Hackett, 4 Rob. 290, 296; Harrod v. Burgess, 5 Rob. 499;

Baca v. Anaya.

Whittenmore v. Watts, 7 Rob. 10; West v. Creditors, 8 Rob. 123; Jones v. Jenkins, 9 Rob. 180; Succession of Baum, 11 Rob. 314, 322; Hazard v. Agricultural Bank, 11 Rob. 326, 336; Gasquet v. Johnson, 1 La. 425, 431; Horn v. Volcano Water Co., 13 Cal. 62, 69; Smith v. Gale, 144 U. S. 517; Lewis v. Harwood, 28 Minn. 428; Wood v. Denver City Water Works, 20 Colo. 253; McClurg v. State Bindery Co., 3 So. Dakota 362, 44 A. S. R. 799; Dennis v. Spencer, 51 Minn. 259, 38 A. S. R. 499; Wightman et al v. Evanston Yaryan Co. et al, Ills., 75 N. E. 502; Myers & Sons Co. v. Black, 4 N. M. 352-365; 11 Enc. P. & P. 496.

In a suit involving real estate, one claiming title adversely to both plaintiffs and defendants has no ground for intervention. Warren v. Kelly, 17 Tex. 349; Porter v. Garrisono, 51 Cal. 560; Baker v. Bailey, 16 Ind. 479; Bacon et al v. Boyd et al, Ky., 34 S. W. 525; McIntyre v. McIntyre, 82 Ky. 503; Nugent v. Powell, 63 Miss. 99; Field v. Mathison, 3 Rob. 38; Tutorship of Hackett, 4 Rob. 290, 296; Harrod v. Burgess, 5 Rob. 449 Whittenmore v. Watts, 7 Rob. 10; West v. Creditors, 8 Rob. 123; Jones v. Jenkins, 9 Rob. 180; Succession of Baum, 11 Rob. 314-322; Hazard v. Agricultural Bank, 11 Rob. 326-336; Farmer's Loan & Trust Co. v. San Diego Street Car Co., 40 Fed. 105; Hillens v. Briersfield, 108 Ala. 614, 18 So. 608; Code of Mississippi, sec. 2576.

An appeal does not lie from an order denying the right to intervene, especially if the alleged intervention was not necessary to protect the rights of the intervenor. Ex parte Cutting, 94 U. S. 14; Guyon v. Liverpool, etc., Ins. Co., 109 U. S. 173; Credits Commutation Co. v. U. S., 177 U. S. 311.

## STATEMENT OF FACTS

Baca and eighty others, claiming to own undivided interests in the Cebolleta Grant, brought suit in partition against Anaya and some 400 others alleged to be the remaining co-tenants. In their petition plaintiffs allege that their grant was made in 1800, and contains by official

survey 199,567 acres. The defendants are all mentioned by name, and there is no suit against unknown owners. Otero, not being among those sued, presented, pending the making of the issues and before the proofs, an intervening petition, alleging ownership of 8,012.05 acres contained in the overlap of his survey upon the Cebolleta grant; his title being asserted under the Antonio Baca grant alleged to have been made in 1760. The petition further asserts immemorial possession of the above named area, and, alleging an adverse claim thereto by the Cebolleta co-tenants, prays a quieting of intervenor's title as against such claim. No leave to file this petition was given, but a subsequent order allowing a substitution of its parties indicates that it was considered as regularly filed. Later a motion to dismiss the intervention was made upon the grounds that the intervenor was not a tenant in common, but, on the contrary, was claiming adversely to all the tenants in common, because the rights of the intervenor would not be affected by the judgment between the original parties, and because upon the claim set up in the intervening petition claimants would be entitled to trial by jury. The court sustained this motion upon the ground that it was "without jurisdiction to entertain the petition," and dismissed the intervention without prejudice to the right of petitioner to assert his rights "in any other proceedings or in any other way as he may be advised." The cause thereupon proceeded to final decree between the original parties, and the intervenor appealed both from this latter decree and from the decree dismissing the intervention. Some difficulty was encountered by intervenor in securing services of citation upon this appeal, but this subject was by this court disposed of favorably to intervenor in Baca v. Anaya (N. M.) 89 Pac. 314, and the case is now before the court upon its merits.

### OPINION OF THE COURT.

POPE, J.—(After making the foregoing statement). Did the trial court err in dismissing the intervention? This must be determined primarily by the terms of our partition statute. This latter provides (Comp. Laws 1897, Sec.

3179) that "when any lands, tenements or hereditaments shall be owned in joint tenancy, tenancy in common or coparcenary, whether the right or title be derived, by donation, grant, purchase, devise or descent, it shall be lawful for any one or more of the persons interested, whether they be in possession or not, to present their petition in chancery praying for a division and partition of such premises according to the respective rights of the parties interested therein." Section 3180 provides that "every person having an interest in the premises, whether having possession or otherwise, shall be made a party to such petition, and in cases where one or more of such parties shall be unknown or the share or quantity of interest of any of the parties is unknown to the petitioner or when such share or interest shall be uncertain or contingent or when there may be any other impediment so that such parties cannot be named, the same shall be so stated in the petition." By section 3181 it is provided that "all persons interested in the premises of which partition is sought to be made, whose names are unknown, may be made parties to such partition by the name and description of unknown owners or proprietors of the premises or as unknown heirs of any person who may have been interested in the same." Section 3182, which is the provision especially relevant here, provides that during the pendency of any such suit or proceeding *"any person claiming to be interested in the premises* may appear and answer the petition and assert his right by way of interpleader, and the court shall decide upon their rights as though they had been made parties in the first instance." There is a further provision (Section 3183) that the court "shall ascertain and declare the rights, titles and interests of all the parties to such proceedings and render such decree as may be required by the rights of the parties, which said decree shall be binding upon all of the said parties, whether they be adults or not." It will be noted from section 3182 that the right to intervene is in terms given to "any person claiming to be interested in the premises." This language is plain, and *prima facie* needs no construction. It means any one claiming a right in the *land.* Appellees contend

that it means a right in the *land* under the common title; but the statute does not so state, as it might easily have done. It says "interested in the premises." Some light is thrown upon the meaning of these terms by comparison with other statutes cited by appellees under which interventions were not permitted. In Porter v. Garrisono, 51 Cal. 560, the statutory language is "Interested in the matter in litigation." In Bacon v. Boyd (Ky.), 34 S. W. 525, the statute gave the right to those claiming "an interest in the controversy adverse to the plaintiff." In the numerous Louisiana cases cited by appellees the statutory wording permits to intervene "persons whose interests may be affected by a suit pending between other parties." In Myers & Sons Co. v. Black, 4 N. M. 352, this court was construing our general intervention statute (Comp. Laws 1897, secs. 2947-2949), which gives the right to intervene to those having "an interest in the matter in litigation, in the success of either of the parties to the action or against both." In Smith v. Gale, 144 U. S. 509, 517, the Supreme Court was dealing with a Dakota statute in terms practically the same as our Comp. Laws 1897, 2947-2949, just quoted. In Dial v. Reynolds, 96 U. S. 340, and Peters v. Bowman, 98 U. S. 60, the propriety of the presence of certain parties was tested by the general equity rule, which, as pointed out in Flournoy v. Bullock, 11 N. M. 103, permits to intervene only such as have an interest in the object of the suit. Our section 3183, however, is broader than any one of the statutes above referred to and it enlarges the grounds upon which equity admits parties. It makes an interest not in "the title" nor "in the controversy", but in the land, the jurisdictional Shibboleth. We are of opinion, therefore, that at least upon the face of the statute the intervenor was entitled to become a party.

It is very strongly urged, however, that the statute should not be interpreted as just indicated, for the reason that to permit persons to intervene who hold adversely to all parties to the action will be to permit a partition suit to be burdened, at the instance of a person not affected by it, with innumerable collateral controversies,

Baca v. Anaya.

to the great annoyance and expense of the original liti-
gants; that such a system will be contrary to the ancient
practice in partition suits, and to all traditional theories
upon which partition suits proceed, and that, since collat-
eral inquiries will often involve questions properly deter-
minable at law, such a construction will tend to a denial
of the constitutional right of a trial by jury. We have
given these objections the full consideration which their
great practical importance demands.

The first is an argument rather of convenience, and,
of course, cannot prevail against the terms of the statute.
But even upon such a ground we deem it untenable. An
intervention claiming an ownership in the land paramount
and adverse to the several alleged co-tenants presents a con-
troversy that must be settled somewhere and at some
time; if not in the original case, then in another. We
are unable to see the hardship of a system which necessi-
tates the settlement of all questions affecting a given
piece of land in one suit, instead of remanding them
to be settled by a series of suits. On the contrary we
deem it tending to that despatch and economy in the set-
tlement of legal differences which is the *desideratum* of
jurisprudence. It is a modern response to the ancient
appeal, *Interest reipublicae ut sit finis litium*.

The second objection requires more consideration, and
necessitates some reference to the history of partition. Or-
iginally, upon an issue of fact as to plaintiff's right being
made by the pleading of a defendant, the court of chancery
felt called upon to suspend proceedings until the plain-
tiff had established his right to partition at law. Freeman
on Co-tenancy and Partition, sec. 501; 15 Enc. Plead. &
Prac. p. 777 et seq. Later, in view of the power which this
placed in the hands of an unconscientious defendant, a
mere adverse pleading was not allowed to suspend proceed-
ings, but the cause proceeded to proof, until it appeared
that there was such an issue as a matter of fact, when,
this appearing, the proceeding was either dismissed or
suspended pending the establishment of plaintiff's right in
a suit at law. Freeman, sec. 502. This was, however,
all prior to the reformed procedure creating one form of

action, and giving the same court jurisdiction both in law and equity. By this latter system it no longer became necessary to refer the case to another court, but the same court determined in one action all adverse claims. As was said by the Supreme Court of the United States, in Parker v. Kane, 22 How. (U. S.) 17.

"In Great Britain a chancellor might have considered this as a case in which to take the opinion of a court of law or to stay proceedings in the partition and cross-suits until an action of law had been tried to determine the legal title. Rochester v. Lee, 1 McN. & G. 467; Clapp v. Bromagham, 9 Cow. (N. Y.) 530. But such a proceeding could not be expected in a state where the powers of the courts of law and equity are exercised by the same persons." A reference to some of the state authorities will illustrate the development of the principle. The Missouri statute (Rev. St. Mo. 1889, 7135-7137) is very similar to our own. By it, as by Comp. Laws, 3180, "every person having an interest in such premises whether in possession or otherwise shall be made a party to such petition," and it is also provided, corresponding to our section 3182, that every person, "having any interest in such premises, whether in possession or otherwise, may appear and be made a party." Construing these statutes, it was said by the Supreme Court of Missouri in Lindell County v. Lindell, 142 Mo. 61, 82: "The jurisdiction in partition proceedings is not, as the trial judge seems to indicate. limited merely to the determination of the rights of parties as co-tenants to each other, but questions of title may be determined where the court has once acquired jurisdiction of the subject matter, including disputes between different parties claiming the same share and the claim of parties claiming adversely, providing, of course, all of the parties are before the court. By section 7145 of the Revised Statutes of 1889, it is provided that the court must ascertain and determine the rights and interests of all parties to the proceeding. And, where it shall appear that there are parties claiming the same portion adversely to each other, the court may decide upon such adverse claims. Rev. St. 1889, sec. 7148. It is the settled practice that

adverse and conflicting rights and interests may be settled in the same proceedings for partition of land.

"In Nebraska it is said (Phillips v. Dorris, 56 Neb. 293) : "The raising of questions of adverse title in a partition suit does not oust the court of jurisdiction, nor render a dismissal of such suit necessary. The court being one of general jurisdiction, administering both legal and equitable remedies, may hold the case, determine the issues of title and then proceed with the partition." In Illinois. under a statute very similar to and no broader than ours, it is held that the court has the power in the same suit to settle conflicting titles and to decree partition. Gage v. Bissell, 119 Ill. 298. As was said in the later case of Wilson v. Dresser, from the same court, 152 Ill. 389 : "When in a suit for partition one of the defendants is in possession claiming title adversely, the court, having acquired jurisdiction for the purpose of partition, may do complete justice between the parties and dispose of the whole question of title between them, and thus save the necessity of an action at law." In Alabama, where adverse possession was asserted on behalf of the defendant, the issue of fact was sent to a jury in the same court. McQueen v. Turner, 91 Ala. 277 ; Harrison v. Taylor, 111 Ala. 317. In Florida, under a statute in some respects almost identical with ours providing that in partition "the court shall ascertain and adjudicate the rights and interests of the parties" it was held that, where the defendant puts plaintiff's title in issue, the court is authorized to determine the rights of the parties "without first requiring the legal title to be tried in a court of law." Street v. Benner, 20 Fla. 700. In that case, citing Parker v. Kane, *supra*, and Freeman on Co-tenancy and Partition, sec. 503, it is said: "In several of the states, the courts having jurisdiction over partition are entrusted with more ample powers than those elsewhere exercised by courts proceeding in conformity with the common and statute law of England. This is particularly the case in regard to disputes in partition concerning the title. Such disputes may in several of the states be tried and conclusively deter-

mined, and no necessity exists for referring any of the issues to some other tribunal for trial." In California, where the statute as to the parties in a partition suit is narrower than our own, it is held that the same court deals with and determines the rights of all the parties, whether holding adversely to each other or not. Thus in De Uprey v. De Uprey, 27 Cal. 329, 87 Am. Dec. 81, it is said: "But there is nothing in the idea that these questions are of 'strange countenance' in an action for partition. Any question affecting the right of the plaintiff to a partition of the rights of each and all of the parties in the land may be put in issue, tried and determined in such action. Such is one of the fruits of the new system of practice which we have adopted, and, when contrasted with the practice in such cases at common law, serves to illustrate its superiority." In Bollo v. Navarro, 33 Cal. 467, it is said: "Whether the plaintiff and defendant are tenants in common is the first issue to be tried, if made in an action of this character. If the court finds the issue in favor of the defendant, the action is at an end. The idea that a party sued in partition cannot deny that he is a tenant in common and set up that he is the sole owner of the premises is simply preposterous. There never has been a time when he could not. Under the old system, if this was done, the partition was stayed, and the parties were sent to a court of law to try the issue, for the simple reason that a court of equity could not try it. If the court of law found the issue in favor of the plaintiff, the Court of Chancery then proceeded with the partition; if for the defendant, the bill was dismissed. But the reason for this practice does not exist under our system. On the contrary we have but one court, which has in the premises all the powers of both law and equity courts under the old system; and there is therefore in such a case no necessity for two actions, one at law and the other in equity, as under the former system. x x x x x On the contrary, the court proceeds in one action, and first tries and determines all the questions at law; and, if the decision is favorable to the plaintiff, then takes up and disposes of the equitable part of the case. If for the

defendant, the partition is denied without any further action." So in Martin v. Walker, 58 Cal. 590, where an alleged co-tenant held adversely, it is said that "the mere fact of an adverse holding by the defendant constituted no objection to the proceeding." To the same effect are the California cases of Morenhout v. Higuera, 32 Cal. 294; Gates v. Salmon, 35 Cal. 597; and Adams v. Hopkins, 144 Cal. 19. In Washington, citing the California cases, including Martin v. Walker, *supra*, it is said in Hill v. Young, 7 Wash. 33: "In this state a suit for partition of lands may be maintained by a tenant in common against those in possession under an adverse claim of title without the institution of a prior action at law for the trial of title." In New York, under a statute which we deem less broad than our own, the doctrine is well settled by Weston v. Stoddard, 137 N. Y. 119, 20 L. R. A. 624, that mere adverse possession by a defendant does not defeat an action for partition, and that the court may proceed to determine in the one suit all the issues arising between the parties.

The foregoing shows the tendency of modern decisions. As is said in Freeman, sec. 450: "In truth the limitations attending proceedings in partition are constantly weakening, and the tendency to do full and complete justice to the parties *in one action is becoming irresistible.*"

It is true that in most of the cases above cited the parties between whom the issues of title and possession were tried were alleged to be co-tenants, and the distinction is urged by appellees that, even conceding the correctness of the authorities above referred to, they do not apply to the case of a party holding by title adverse to the common title; in other words, that, while all questions affecting the land may be tried as between those claiming under the common source, questions affecting the land may not be tried at the instance of one claiming the land by an outside title. This contention finds some support in the authorities. Thus in Mississippi (Nugent v. Powell, 63 Miss. 99) it is held: "It is a mistake to assume that section 2576 of the Code of 1880 authorizes a tenant in common

with another to exhibit his bill against his co-tenant, and, as an incident thereto, to join all parties claiming adversely to both. The purpose and effect of that provision is to give to the court having jurisdiction over proper parties, power to settle all the conflicting claims of *such* parties without suspending the suit to await the result of an action at law to settle legal titles or of an independent suit in equity to cancel a cloud upon the title, but it is not admissible under it to join the holders of adverse titles as parties defendant."

The inapplicability of even that case to the case at bar, however, is disclosed by the syllabus in the later case, from the same state, of Cooper v Fox, 67 Miss. 237, wherein, citing and following Nugent v. Powell. it is said: "It is not proper to join as defendants in a partition suit all persons having an interest in the *land*; but only such as have an interest in the *partition*." It is only necessary to recur to the fact that under our statute interest in the land *is* the test. Another case construing Nugent v. Powell is Beebe v. Louisville Co., 39 Fed. 481, wherein the United States District Court for the Northern District of Mississippi, while following the state court in its construction given to the local statute by Nugent v. Powell, says: 'Several of the states have statutes similar to this section, which have been construed by the Supreme Courts of such states as conferring the power, in the partition proceedings, to make all persons setting up adverse claims to the land sought to be partitioned or sold for division parties defendant, and to adjudicate all claims set up by them, and to declare such as may be found invalid clouds upon the title of those seeking partition or sale, and by decree of the court ordering the same cancelled and removed as such clouds. Taking the provisions of this section and the consideration put upon similar statutes by the courts of such states. *I would be very much inclined to give this section the same construction.*"

We think, however, without considering the distinctions and discrediting authorities which render Nugent v. Powell of little force, that the great weight of authority is against that decision. This very question was before

Baca v. Anaya.

the Court of Appeals of New York in the recent case of Satterlee v. Kobbe, 173 New York 95, and that high tribunal, referring to and following Weston v. Stoddard, *supra,* says: "It is true that in that case [Weston v. Stoddard] the parties were originally tenants in common. x x x No good reason is apparent why the rights of such a party may be determined in a partition action, while the rights and interests of an intruder and trespasser cannot be, but must be remanded to a court of law;" and in that case the court refers to and reaffirms as applying to all persons, whether originally co-tenants or strangers, the concluding language in Best v. Zeh, 82 Hun, 232, affirmed on opinion below, 146 N. Y. 363, as follows: ·

"It seems to me that the several provisions of the code from 1537 to 1543, inclusive, indicate an intention on the part of the legislature to authorize all persons having or claiming to have an interest in or lien upon real estate to be made parties to actions in partition, and to authorize the hearing and determination of such conflicting interests in such actions so that, when the real estate involved is divided or sold, all clouds upon the title thereof may be removed, and the title thereto settled." The scope of the holding in Satterlee v. Kobbe is made still clearer by the later case of Wallace v. McEchron, 176 N. Y. 424, wherein the plaintiff in partition claiming a two thirds · interest made the owner of the remaining one-third interest a defendant, and also one McEchron claiming under a tax deed a party defendant. The court said: "The practice of appellants in making the respondent (McEchron) a party to the action, although he claimed in hostility to them, is justified by the decision of this court in Satterlee v. Kobbe, 173 N. Y. 91."

To the same effect as the doctrine of Satterlee v. Kobbe is that expressed in another great code state, California, where it is said, in Gates v. Salmon, 35 Cal. 576, 95 Am. Dec. 139, that "the whole scope and intent of the California statute relating to partition of land shows that the intention was to make the one judgment of partition final and conclusive on all persons interested

in the property or any part of it, of whom the court could acquire jurisdiction;" in Martin v. Walker, 58 Cal. 590, where it is said that "the statute answered the double purpose of dividing the land and settling the title," and in Adams v. Hopkins, 144 Cal. 19, where dealing with a large number of the claimants under the statute of limitations it is said: "It is settled in this state that the rights of adverse occupants of land sought to be partitioned may be put in issue, tried and determined in such action." We concur with all that is said by these courts, and hold that under our statute the owner of the whole or any part of the premises sought to be partitioned may, whatever the origin of his title, intervene for the settlement of his rights.

There remains to be considered the contention that this interpretation of the statute will deprive parties to partition suits, and the appellees in this instance, of the right of jury trial. It seems sufficient for the purposes of the present case to say that no right of jury trial existed upon the case stated in the intervening petition of Otero. This last, which must be considered true as against a motion to dismiss, alleges possession, both present, and from time out of mind, paramount title, and an adverse claim against it by the parties to the suit, and prays the quieting of title. It is thus within the express terms of Comp. Laws 1897, 4010-4014, which provides that "an action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming the title thereto," and which further provides that such actions shall be conducted "by equitable proceedings on the chancery side of the court." Whatever may be said as to the right of jury trial in a case of this kind where the party proceeded against is in possession, in view of Whitehead v. Shattuck, 138 U. S. 146, and Ely v. N. M., etc., Co., 129 U. S. 292, certainly no such right exists where neither party is in possession, nor where, as here, the moving party is in possession. Clark v. Smith, 13 Pet. (U. S.) 195, discussed in Scott v. Neely, 140 U. S. 106; Holland v. Challen, 110 U. S. 15, and authorities cited; Gentile v. Kennedy, 8 N. M. 347, 355, 45 Pac. 879.

Indeed, as pointed out in the two cases last cited, equity is the only tribunal available since ejectment will lie only against a party in possession. The above suffices to dispose of the present case. Without anticipating any future questions, we may add, however, that we see no reason, should issues arise in a partition suit as to which the parties are by the common law entitled to a jury trial, why the court may not refer such issues to a jury, not, it is true, as issues out of chancery (Capell v. Moses, 36 S. C. 599), but as issues triable at law. Our Code, (Comp. Laws 1897, 2685, sub-secs. 110-111) provides that an issue of fact in an action for the recovery of money only, or specific, real, or personal property where the right of trial by jury existed at common law, *must* be tried by a jury, and that other issues of fact *may* be referred to a jury. In our judgment this invests the court with ample power to impanel a jury under either branch of its jurisdiction whenever the rights of the parties require it. As was said in Hammer v. Garfield Mining Co., 130 U. S. 295, quoting from Basey v. Gallagher, 20 Wall. (U. S.) 670, 679, 22 L. Ed. 452: "The courts of Montana, under a law of the territory, exercise both common law and equity jurisdiction. The modes of procedure in suits both at law and in equity are the same until the trial or hearing. The suitor, whatever relief he may ask, is required to state, in ordinary and concise language, the facts of his case on which he invokes the judgment of the court. But the consideration which the court will give to the questions raised by the pleadings when the case is called for trial or hearing, whether it will submit them to a jury or pass upon them without such intervention, must depend upon the jurisdiction which is to be exercised. If the remedy sought be a legal one, a jury is essential unless waived by the stipulation of the parties; but if the remedy sought be equitable, the court is not bound to call a jury, and, if it does call one, it is only for the purpose of enlightening its conscience, and not to control its judgment." The right, which this case recognizes under the code system to try issues before either jury or court, dependent upon whether they are legal or equitable, includes in our

Baca v. Anaya.

judgment the right to try in the same case before both, whenever both classes of issue are present.

It is finally urged that at most the admission of an intervening petition is a matter of discretion with the trial court, and that the refusal to permit such is not appealable, and to this proposition *Ex parte* Cutting, 94 U. S. 14, and Credits Com. Co. v. United States, 177 U. S. 311, are cited. It seems a sufficient answer to this to say that the court below did not in this case treat the matter as one of discretion, but as one of lack of power, for it dismissed the petition because it was "without jurisdiction to entertain it." We are, therefore, not reviewing the exercise of a discretion, but a ruling as to the existence of jurisdiction. Waiving this, however, it will be noted that in neither of the cases cited by appellees was there any right of intervention, but the trial court was proceeding under its general equity powers, which allows a wide discretion in matters of intervention. In this Territory, however, an express statute, as we have seen, gives any one "interested in the premises" a right to intervene. Under this statute the party is entitled to defend against the cloud of a partition decree covering his property. He is entitled to have the matter determined in the one suit without being driven to the expense and delay resulting from awaiting the conclusion of the partition suit, and then seeking perhaps hundreds of defendants with his process in a new suit. He is entitled to have the property emerge from the partition suit with a clear title in him. These are substantial rights given him by statute, which, when seasonably claimed, no court has a right to deny him.

The judgment is accordingly reversed, and the cause remanded, with directions to reinstate the intervening petition, and for further proceedings not inconsistent with this opinion.

Associate Justice ABBOTT took no part in this decision.