This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                 **No. 32,005**

**ERICA GALLEGOS,**

    Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from an on-the-record district court judgment affirming her metropolitan court conviction for Driving While Intoxicated (DWI) (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

Defendant's sole issue challenges the sufficiency of the evidence to support her conviction for DWI. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citations omitted).

In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle, and that this affected her ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA. We conclude that the State presented sufficient evidence to support the conviction. Specifically, the officer stopped Defendant's vehicle at 2:15 a.m. after observing the vehicle drift across the left lane two times. [MIO 2] After he stopped Defendant, the officer noticed an odor

of alcohol on Defendant's breath and that she had slurred speech. [MIO 2] The officer called a DWI unit, and Officer Adrian Garcia arrived and conducted that investigation. [MIO 3] Garcia testified that Defendant, still seated in the driver's seat, had bloodshot, watery eyes and had a strong odor of alcohol coming from her facial area. [MIO 3] Defendant had difficulty with the field sobriety tests, swaying during two of the tests, and dropping her leg on several occasions on the third test. [MIO 3-5] The metropolitan court, sitting as fact finder, interpreted the poor performance on the field sobriety tests as evidence of intoxication and, combined with the other indications listed above, convicted Defendant of DWI. [MIO 7]

We are not persuaded by Defendant's arguments that the above-noted facts are insufficient to support a conviction under the "slightest degree" theory. To the extent that there were inconsistencies in the witness testimony, we defer to the fact finder's resolution of these conflicts. *See State v. Ortiz-Burciaga*, 1999-NMCA-146, ¶ 22, 128 N.M. 382, 993 P.2d 96 (holding that it is the "exclusive province of the jury to resolve factual inconsistencies in testimony" (internal quotation marks and citation omitted)). We also reject Defendant's claim [MIO 11] that it was necessary to have "baseline" information on Defendant's mobility to determine her impairment based on performance of the field sobriety tests and her behavior during the officers' observations. Finally, we decline to re-weigh the evidence by substituting alternative

interpretations to Defendant's conduct. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (stating that "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict"), *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**